THE QUEEN *vs.* J. E. BUSH.

EXCEPTIONS TO RULINGS OF DOLE, J.

HEARING, JULY 16, 1891.    DECISION, JULY 24, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.    McCULLY, J., ABSENT.

The Court ordered an amendment to be made to an indictment, it having been found to be insufficient.

Held, that the Court, under Section 33 of the Act to regulate the practice and procedure in criminal cases, has authority to order the amendment, and is not limited by the statute as to the character of the amendment.

OPINION OF THE COURT, BY BICKERTON, J.

Defendant demurred to the sufficiency of the indictment and the demurrer was sustained, and the Court, under Section 33 of the Criminal Practice Act, ordered an amendment to be inserted, which was done accordingly by the Clerk.    Defendant's

counsel objected to the anendment, and demurred to the juris-
diction of the Court to make or order the said amendment. The
Court overruled the same, and defendant's counsel notes excep-
tion, and the matter is now before us on a bill of exceptions
duly allowed by Mr. Justice Dole, the Presiding Justice.

Section 33 of the Act to regulate the practice and procedure
in criminal cases, page 347, Compiled Laws, is as follows:
"Every objection to any indictment for any defect apparent on
the face thereof shall be taken by demurrer or motion to quash
such indictment before the accused has pleaded and not after-
wards; and every court before which any such objection shall
be taken for any such defect may, if it be thought necessary,
cause the indictment to be forthwith amended in such particu-
lar by some officer of the court, or other person, and thereupon
the trial shall proceed as if no such defect had appeared; and
no motion in arrest of judgment shall be allowed for any defect
in any indictment which might have been taken advantage of
by demurrer or motion to quash as aforesaid."

It is clear to us that the intention and object of this law was
to obviate the necessity of a second indictment, in case one
should be quashed on demurrer. The result in this case, should
the indictment be quashed, could only be the presenting of a
new indictment containing the amendment ordered by the
Court. The words, "if it be thought necessary," which we find
in the section, mean more than at first sight would indicate.
They can only mean that where an objection is taken to an in-
dictment for any defect in it, it is within the authority of the
Court to order an amendment so as to make the indictment
good and sufficient, and then only when the Court may think
necessary; the authority of the Court is not limited by the stat-
ute as to the character of the amendment. The authority of
the Court to order such an amendment was settled in the case
of *Rex vs. Ho Fon*, 7 Hawn., 757. In that case the Court found
the indictment to be insufficient and one that the defendant
was not called upon to answer; and say, "But we will not order
judgment to be entered in his favor, as under Section 33 of the
Act to regulate the practice and procedure in criminal cases we

have authority to cause the indictment to be amended," which was done.

The exceptions are overruled.

*Attorney-General Whiting*, for the prosecution.

*Ashford & Ashford*, for defendant.